IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TAMMY PATTERSON formerly known as TAMMY P. BOYCE <br> PLAINTIFF <br><br> VS. <br><br> EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., LVNV FUNDING, LLC, RESURGENT CAPITAL SERVICES, L.P., AND VITAL RECOVERY SERVICES, INC. <br> DEFENDANTS | CIVIL ACTION NO. _____ <br><br> COMPLAINT AND <br> DEMAND FOR A JURY TRIAL |

## COMPLAINT

Plaintiff, Tammy Patterson formerly known as Tammy P. Boyce, on her own behalf, complains as follows against defendants Equifax Information Services LLC, Experian Information Solutions, Inc, LVNV Funding, LLC, Resurgent Capital Services, L.P., and Vital Recovery Services, Inc.:

1.

Plaintiff Tammy Patterson ("plaintiff" or "Ms. Patterson") resides in Livingston Parish, State of Louisiana, and is a consumer as defined by both the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681a(c), and the Fair Debt Collection Practices Act (FDCPA) in 15 U.S.C. § 1692a(3).

2.

Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f). Equifax is a foreign corporation authorized to do and doing business in the state of Louisiana, whose registered agent for service of process in Louisiana is Corporation Service Company, 320 Somerulos Street, Baton Rouge, Louisiana 70802-6129.

3.

Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f). Experian is a foreign corporation authorized to do and doing business in the state of Louisiana, whose registered agent for service of process in Louisiana is CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808.

4.

Defendant, LVNV Funding LLC (hereinafter referred to as "LVNV") is a foreign corporation conducting business in the state of Louisiana whose registered agent for service of process is CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808. LVNV, at all times relevant hereto, regularly attempted to collect debts alleged to be due another and is a "debt collector" as defined under the FDCPA. LVNV is also a person who furnishes information to consumer reporting agencies under the FCRA, 15 U.S.C. § 1681s-2.

5.

Defendant, Resurgent Capital Services, L.P. (hereinafter referred to as "Resurgent") is a foreign limited partnership conducting business in the state of Louisiana whose registered agent for service of process is CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808. Resurgent, at all times relevant hereto, regularly attempted to collect debts alleged to be due another and is a "debt collector" as defined under the FDCPA.

6.

Defendant, Vital Recovery Services, Inc. (hereinafter referred to as "Vital") is a foreign corporation conducting business in the state of Louisiana whose registered agent for service of process is LexisNexis Document Solutions Inc., 320 Somerulos Street, Baton Rouge, LA 70802.

Vital, at all times relevant hereto, regularly attempted to collect debts alleged to be due another and is a "debt collector" as defined under the FDCPA.

7.

Defendants Equifax and Experian have each prepared and issued consumer credit reports concerning plaintiff. Plaintiff has notified defendants that she disputes the accuracy or completeness of the information contained in the report on plaintiff.

8.

Plaintiff had a Household Bank (SB), N.A. account on which she defaulted in 1999 and was charged off that same year.

9.

In 2001, plaintiff was contacted the Law Offices of James A. West in Houston and plaintiff reached a settlement of $1000 at that time, which was paid by August 2001.

10.

In 2007, plaintiff noticed this account was still being reported on her credit report and spoke with defendant Equifax about having this account removed. Equifax told her that she needed a letter from James A. West's office to get it removed. Plaintiff was unable to get this letter.

11.

Vital is a collection agency attempting to collect this from plaintiff on behalf of LVNV, the alleged owner of this account. LVNV allegedly purchased this account in 2005, and was reporting this account to co-defendants Equifax and Experian.

12.

In the two years prior to filing this Complaint, Ms. Patterson disputed to defendants Equifax

and Experian that this account was obsolete and should no longer be reported on her consumer report.

13.

For each of plaintiff's disputes, Equifax and Experian each notified LVNV of plaintiff's disputes pursuant to section 1681i(a) of the FCRA.

14.

In response to plaintiff's disputes received from Equifax and Experian, LVNV verified the reporting of these accounts wrongfully on several occasions to Equifax and Experian..

15.

In late September 2008, Plaintiff spoke with Vital about this account and was told that this account was charged off in 2003.

16.

Vital also told plaintiff that this account would remain on her credit report until paid. .

17.

Plaintiff was also told by Vital each time she disputed this account with a credit bureau it reinstated her debt and caused it to be put back on her credit report.

18.

Vital also let plaintiff know that LVNV can sue her for this alleged debt.  This alleged debt was prescribed at the time of this call.

19.

On September 26, 2007, Equifax listed the amount owed to LVNV as $5928.

20.

On October 20 and 25, 2007, defendant Resurgent mailed letters to plaintiff demanding payment of this alleged debt and stated the amount due was $5928.05. .

21.

In response to plaintiff's dispute letters to Experian, plaintiff received a copy of her consumer report from Experian dated November 7, 2007, stating the amount LVNV claimed was owed was $6439.

22.

Plaintiff also disputed this account with Trans Union LLC, another consumer reporting agency, and in response to this dispute, the October 26, 2007 consumer report received by Ms. Patterson from Trans Union stated the amount claims by LVNV was $6427.

**DEFENDANTS' PRACTICES**

23.

Defendant LVNV violated numerous provisions of the FDCPA including but not limited to sections 1692e, 1692e(5), and 1692e(10).

24.

Defendant LVNV negligently and willfully failed to comply with the requirements of the FCRA in 15 U.S.C. § 1681s-2(b).

25.

Plaintiff has suffered actual damages and injury due to LVNV's violations, including, but not limited to, stress, humiliation, anxiety, extreme mental anguish and suffering, and emotional distress, for which she should be compensated in an amount to be proven at trial.

26.

As a result of defendant LVNV's failure to comply with the requirements of the FCRA, plaintiff has suffered actual damages, including denial of credit, damage to her reputation and emotional distress for which she seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

27.

Defendant Resurgent violated numerous provisions of the FDCPA including but not limited to sections 1692e, 1692e(2), and 1692e(10).

28.

Plaintiff has suffered actual damages and injury due to Resurgent's violations, including, but not limited to, stress, humiliation, anxiety, extreme mental anguish and suffering, and emotional distress, for which she should be compensated in an amount to be proven at trial.

29.

Defendant Vital violated numerous provisions of the FDCPA including but not limited to sections 1692e, 1692e(5), and 1692e(10).

30.

Plaintiff has suffered actual damages and injury due to Vital's violations, including, but not limited to, stress, humiliation, anxiety, extreme mental anguish and suffering, and emotional distress, for which she should be compensated in an amount to be proven at trial.

31.

Defendants Equifax and Experian negligently and willfully failed to comply with the requirements of FCRA, including but not limited to:

    a)    failing to follow reasonable procedures to assure maximum possible accuracy of the

information in consumer reports concerning plaintiff, as required by 15 U.S.C. § 1681e(b); and

b) failing to comply with the reinvestigations requirements in 15 U.S.C. § 1681i(a).

32.

As a result of defendants Equifax's and Experian's failures to comply with the requirements of the FCRA plaintiff has suffered actual damages, damage to his reputation, emotional distress, and denials of credit, for which she seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

33.

Plaintiff requests her attorney fees pursuant to 15 U.S.C. § 1681n(a), § 1681o(a), and § 1692k.

34.

Plaintiff demands a jury trial on all claims.

WHEREFORE, plaintiff prays for judgment against defendants as follows:

1. Actual damages from defendants Equifax Information Services LLC, Experian Information Solutions, Inc., LVNV Funding, LLC, Resurgent Capital Services, L.P., and Vital Recovery Services, Inc., in amounts to be determined by the jury;

2. Punitive damages from defendant Equifax Information Services LLC, Experian Information Solutions, Inc., LVNV Funding, LLC in amounts to be determined by the jury;

3. Attorney fees; and

4. Costs and expenses incurred in the action.

                                                    s/Garth J. Ridge
                                                    **GARTH J. RIDGE**

        Attorney for Plaintiff
Bar Roll Number:  20589
251 Florida Street, Suite 301
Baton Rouge, Louisiana 70801
Telephone Number:  (225) 343-0700
Facsimile Number: (225) 343-7700
E-mail: GarthRidge@aol.com